**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EVEREST NATIONAL INSURANCE COMPANY,<br><br>               Plaintiff - Appellee,<br><br>  v.<br><br>EVANSTON INSURANCE COMPANY,<br><br>               Defendant - Appellant. | No. 11-15540<br><br>D.C. No. 2:09-cv-02077-RLH-PAL<br><br><br>MEMORANDUM[*] |
| EVEREST NATIONAL INSURANCE COMPANY,<br><br>               Plaintiff - Appellant,<br><br>  v.<br><br>EVANSTON INSURANCE COMPANY,<br><br>               Defendant - Appellee. | No. 11-15668<br><br>D.C. No. 2:09-cv-02077-RLH-PAL |

Appeal from the United States District Court
for the District of Nevada

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Roger L. Hunt, Senior District Judge, Presiding

Argued and Submitted September 12, 2012
Las Vegas, Nevada

Before: RAWLINSON, BYBEE, and IKUTA, Circuit Judges.

Everest National Insurance Company and Evanston Insurance Company appeal the district court's partial denial and partial grant of their cross-motions for summary judgment. We affirm.

Because there is a "minimal causal connection" between the sprinklers Triangle managed and the ice on which Schirling slipped, La Villa is covered as an additional insured under Triangle's policy issued by Everest for liability arising from Schirling's injuries. *See Acceptance Ins. Co. v. Syufy Enters.*, 81 Cal. Rptr. 2d 557, 561 (Cal. Ct. App. 1999); *see also Fed. Ins. Co. v. Am. Hardware Mut. Ins. Co.*, 184 P.3d 390, 397 (Nev. 2008) (holding that an endorsement covering liabilities "arising out of a named insured's operations performed for the additional insured" generally provides coverage "so long as the injury or loss suffered is connected to the named insured's operations performed for the additional insured's benefit").

We reject Evanston's argument that the phrase "the insured" in Everest's "other insurance" clause refers only to "the named insured." Read in context and

2

in the policy as a whole, Everest's "other insurance" clause limiting its liability is applicable to any insured, including additional insureds. Indeed, Evanston's proposed definition of "the insured" would have nonsensical results. For instance, Everest's basic insuring agreement to "pay those sums that *the insured* becomes legally obligated to pay as damages" would provide no coverage to additional insureds such as La Villa, including in this case.

Everest's "other insurance" clause, which purports to relegate its policy to an excess position, is sufficiently similar to Evanston's "other insurance" clause, which does likewise, that neither carrier may escape its obligation to provide primary coverage to LaVilla on a pro rata basis. *See Dart Indus., Inc., v. Commercial Union Ins. Co.*, 52 P.3d 79, 93 (Cal. 2002). Because equitable contribution is available to "apportion a loss between two or more insurers who cover the same risk, so that each pays its fair share and one does not profit at the expense of the others," *Fireman's Fund Ins. Co. v. Maryland Cas. Co.*, 77 Cal. Rptr. 2d 296, 306 (Cal. Ct. App. 1998), we reject Evanston's argument that insurers who have compensated an additional insured under a reservation of rights may not seek subrogation or contribution from other responsible insurers. Accordingly, we affirm the district court's order of equitable contribution.

**AFFIRMED**.